IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 6 2013

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| JOYCE JONES | § | |
| Plaintiff | § | C.A. NO._____ |
| | § | |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| QUANTA SERVICES INC. | § | |
| Jim Oneil, Individually | § | |
| James Haddox, Individually | | |
| Derrick Jensen, Invidually | | |
| Martin Fite, Individually | | |
| Jeff Vanderfort, Individually | | |
| Evelyn Pondobinski, Individually | | |
| CindiKuykendall, Individually | | |
| Defendant's | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Joyce Jones ("Plaintiff" or Ms. Jones"), by and through her undersigned counsel, Daniel Williams & Associates, and files this Original Complaint against Defendant Quanta Services Inc. ("Defendant"), hereby alleges as follows:

### A. Introduction

1. This action seeks equitable relief, compensatory, and punitive damages, liquidated damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for violation of Title VII of the Civil Rights Act of 1964, race discrimination, and retaliation. Additionally, Plaintiff brings action under Title I Americans With Disabilities Act of 1990 ("ADA") to correct unlawful employment practices on the basis of disability, to vindicate plaintiff's rights to fair treatment and equal employment

1

opportunities, and to make plaintiff whole.

2. Plaintiff demands a jury on all issues triable to a jury.

### B. Jurisdiction and Venue

3. This claim is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief are also sought under 42 U.S.C. Section 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343, 1367 and 42 U.S.C. Sections 191 et seq.

4. Venue is proper in the Southern District of Texas, pursuant to 28 U.S.C. §1391 (b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the Southern District of Texas.

### C. Parties

5. Plaintiff Joyce W. Jones 12507 Bexley Drive Houston, TX 77099, is an individual and a Texas Resident.

6. Defendant (s) Quanta Services, Inc., Jim Oneil, Individually; James Haddox, Individually; Derrick Jensen, Invidually; Martin Fite, Individually; Jeff Vanderfort, Individually; Evelyn Pondobinski, Individually; Cindi Kuykendall, Individually 2800 Post Oak Blvd Suite 2600, Houston, TX 77056, is a Corporation authorized to conduct business in Texas and may be served by serving its' registered agent for service.

7. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was

done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

### D. Conditions Precedent to Suit

7. Plaintiff filed a complaint of discrimination under Title VII against Defendant under Charge Number 460-2012-01845 with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division on July 5, 2012. The address at which I was employed by the defendant is 2800 Post Oak Blvd. Suite 2600, Houston, TX 77056.

8. On or after May 15, 2013, the EEOC issued a Notice of Right to Sue letter entitling Plaintiff to file an action in this Court for his claims.

9. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue Letter from the EEOC.

### E. Facts

10. Plaintiff is a black, African-American, citizen of the United States.

11. Plaintiff was one of three black, African- Americans employed by Defendant during Plaintiff's employment with Defendant.

12. At all times, Plaintiff was qualified for the position he held for Defendant during his employment.

13. Plaintiff began working for Defendant on or about June 5, 2005.

14. Evelyn Pondobinski was ("Pondobinski"), a white female, was Plaintiff's supervisor, during Plaintiff's employment with Defendant.

15. Martin Fite ("Fite"), a white male, the Controller for Defendant two years before Plaintiff's termination, was also a supervisor of Plaintiff.

16. Jeff Vandervort ("Vandervort"), a white male, the Assistant Controller for Defendant, was also a supervisor of Plaintiff.

17. Pondobinski, Fite, and Vandervort were in charge of evaluating Plaintiff.

18. All evaluations by Defendant were informal.

19. On or about March 12, 2011 Martin Fite conducted an informal review of Plaintiff's performance for the year 2011, based on the informal review Defendant's declined to give Plaintiff any written reasons for why Plaintiff did not receive a full bonus.

20. Plaintiff never received any write ups or verbal reprimands for informal review of Plaintiff's performance for the year 2011.

21. Plaintiff wrote a letter to Martin Fite asking for a detailed explanation on why Plaintiff did not receive a full bonus payment. Plaintiff also filed an ethics violation with the Defendant's Legal Dept.

22. Defendant excluded Plaintiff from training by inviting her to training on a day that was listed as an off day for Plaintiff on the Defendant's calendar.

23. In March of 2012 Plaintiff became ill and requested time off.

24. The Defendant does not have a sick leave policy.

25. Defendant grants sick leave on a case by case basis.

26. On March 23, 2012 Plaintiff submitted a Doctor's note to Defendant requesting two weeks off for medical treatment.

27. On March 28, 2012 Defendant sent letter to Plaintiff requesting that she complete FMLA forms.

28. Plaintiff states that other (non-black) employees that took leave for various physical ailments, were not forced to use FMLA and were paid for the entire time they were on leave.

29. Plaintiff was given a deadline to submit FMLA forms.

30. Plaintiff was terminated by Defendant on or about April 30, 2012.

31. Plaintiff was treated differently than her fellow employees while on the job because of her race.

32. Defendant's actions were willful.

33. While working for the Defendant, Plaintiff was not given the same training opportunities as fellow non-black employees similarly situated.

## F. Race Discrimination Under 42 U.S.C. § 1981

34. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

35. Plaintiff race is black, African-American, a protected group that the Civil Rights Act of 1991, 42 U.S.C. § 1981a intended to protect.

36. As such, Plaintiff is a member of an ethnic group which is, and is commonly perceived as being, ethnically and physiognomically distinct.

37. At all relevant times, Plaintiff was qualified for the position she held during her employment by the Defendant.

38. Defendant discriminated against Plaintiff because of her race.

39. Defendant subjected Plaintiff to different terms, conditions, and privileges of employment because of her race, in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981, and 42 U.S.C. § 1981a, for which Plaintiff requests compensatory and punitive damages.

40. Defendant discriminated against Plaintiff because of race and color by tolerating and

failing to take affirmative action to correct unlawful employment practices, by discriminating against Plaintiff with respect to the terms, conditions and privileges of her employment because of her race, through denial of her employment rights and benefits, promotions, and achievements, and by terminating her, all in violation of 42 U.S.C. § 1981, and 42 U.S.C. § 1981a.

41. Furthermore, Defendant acted with malice or in the alternative, with reckless indifference to the federally protected rights of Plaintiff.

42. As a result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered loss of wage, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past and in all probability will continue to suffer in the future.

## G. Discrimination on the Basis of Race

43. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

44. Plaintiff race is black, African American.

45. By the above-described acts, Defendant discriminated against Plaintiff because of her race by discriminating against her with respect to terms, conditions and privileges of his employment through denial of his employment rights and benefits, all in violation of Chapter 21, Section 21.001, *et seq.* of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.*

50. Plaintiff was qualified for her job at all relevant times.

51. Defendant acted with malice or, in the alternative, with reckless indifference to the state

and federally protected rights of Plaintiff.

52. As a result of Defendant's discriminatory actions, Plaintiff has suffered loss of wages and benefits, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

### I. Retaliation

53. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

54. Defendant engaged in activities in retaliation for Plaintiff complaints as outlined above in violation of Title VII and the Texas Labor Code, including but not limited to 42 U.S.C. 2000e-3(a) and § 21.055 of the Texas Labor Code.

55. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Plaintiff.

56. As a result of Defendant's retaliatory actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer these damages in the future.

### J. Disability

67. Plaintiff was discriminated against based on her disability.

68. Defendant engaged in unlawful intentional discrimination against Plaintiff on the basis of disability in the terms, conditions, and/or privileges of Plaintiff's employment, and applied different standards to Plaintiff than were applied to others in the workplace.

69. Defendant's acts as alleged herein were motivated by and due in part to Plaintiff's disability, Plaintiff's record of disability, and the way Defendant perceives Plaintiff's disability.

### K. Damages

70. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

71. Defendant's violations of 42 U.S.C. § 1981, 42 U.S.C. § 1981a, Chapter 21, Section 21.110 of the Texas Labor Code, and 42 U.S.C. § 2000, et seq., give rise to the following damages: back pay, reinstatement, or if reinstatement is deemed not feasible, compensation for lost future pay or front pay; benefits in the past and the future, liquidated damages; costs; expert witness fees; attorney's fees; mental anguish; emotional distress in the past and future; compensatory damages; and pre- and post-judgment interest as allowed by law.

71. Additionally, since Defendant's actions were committed maliciously, willfully, and/or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

### L. Attorney's Fees

72. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

73. Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to 29 U.S.C. § 2601, *et seq.*, 42 U.S.C. § 1988, and other relevant statutes.

### M. Demand for Jury Trial

74. Plaintiff, Joyce Jones, asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with FED. R. CIV. P. 38, a trial by jury on all issues.

### N. Prayer

75. WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding

her:

    a.    Reasonable attorney's fees, costs and expenses of this action

    b.    Actual and compensatory damages for the period of time provided by law, including appropriate back pay and reimbursement (past and future) for lost pension, insurance and all other benefits;

    c.    Reinstatement, or front pay, including benefits, in lieu of reinstatement;

    d.    Compensatory damages and punitive damages as allowed by law;

    e.    Liquated damages as allowed by law;

    f.    Attorney's fees for the discrimination claims both for this cause and for any appeals;

    g.    Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

    h.    Emotional distress and mental anguish

    i.    Pre-judgment and post-judgment interest as allowed by law;

    j.    Costs of court and other costs of prosecuting Plaintiff's claim; and

    k.    Such other and further relief as may be allowed by law.

Respectfully submitted,
Daniel, Williams, & Associates PLLC

**Helen Daniel**
Fed Bar No. 1026095
**Lorenzo Williams**
State Bar No. 24084790
405 Main, Suite 455
Houston, Texas 77002
T: 713.229.9997
F: 281.501.6777
Attorneys for DEFENDANT
JOYCE JONES